Estate of Marie (Mari) Szilagye. Joseph Silagye, Executor v. Commissioner.
Estate of Szilagye
Docket No. 22622.
United States Tax Court
1950 Tax Ct. Memo LEXIS 78; 9 T.C.M. (CCH) 853; T.C.M. (RIA) 50231; October 13, 1950
*78 Respondent's determination approved for failure of proof of error. Joseph Silagye, pro se. Joseph F. Lawless, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in estate tax of $40,412.89 and a penalty of $10,993.31 for late filing of the return. Several errors are alleged in the petition but the evidence of record was directed solely to the question: Whether there should be included in the gross estate of decedent the amount of $113,788.71 representing the value of 50 shares of stock of the Silmar Holding Corporation held by respondent to have been transferred in contemplation of death or to take effect in possession or enjoyment at or after death. No evidence was produced respecting any of the other issues alleged in the petition and they are, therefore, considered to have been abandoned by petitioner. At the hearing petitioner, who, as executor, tried his own case, was specifically advised as to the burden of proof resting on him and was given every opportunity to proceed further with the evidence. As to the issue above stated, petitioner's evidence falls far short of carrying his *79 burden and demonstrating that respondent erred in his holding. It consists largely of an argumentative recital of family differences and adjustments, from which we are able to deduce no pertinent facts of importance. Some of petitioner's evidence was contradicted by petitioner's own statements made on earlier occasions. The record does not contain any substantial evidence that would lead us to conclude that the transfer of stock involved here was not made in contemplation of death or to take effect in possession or enjoyment at or after death. On the record, there is no alternative to sustaining the Commissioner. As to the penalty of 20 per cent for late filing of the return, no evidence of any kind bearing on this issue was introduced. Therefore, we again have no alternative to approving respondent's finding. Decision will be entered for the respondent.